## Wytheville.

### HANCOCK AND OTHERS V. THORNHILL.

June 8, 1916.

Absent, Cardwell, J.

1. EASEMENTS—*Ownership of Fee and Easement.*—The fee simple owner of property cannot have an easement or right of way, which is a lesser estate, between different parts of it.

2. EASEMENT—*Creation—Deed of Partition—Case at Bar.*—Where two heirs execute a deed of partition between themselves of a city lot upon each side of which there was a factory building, with an open space of fifty feet between the buildings, which was used in connection with both factories as an alley or passage way, and the lot conveyed to each is described as "including one-half of an alley 24 feet 6 inches wide," such deed is a dedication of said alley as a joint alley for the common benefit of each of said lots. This construction is confirmed in the case at bar by the contemporaneous construction placed upon the deed of partition by the parties thereto.

Appeal from decree of the Corporation Court of the city of Lynchburg. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Harrison & Long,* for the appellants.

*Caskie & Caskie,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

The material facts disclosed by this record are these: Prior to the year 1888, the lots in question, and other

property located in the city of Lynchburg, belonged
to Ammon G. Hancock, who devised the same to his
wife for life, with remainder in fee to his four children,
namely, James Hancock, Lilly H. Thornhill, Ernest
J. Hancock and Edwin A. Hancock. The two lots
involved fronted on Cabell street and extended back
between parallel lines to Blackwater street. On each
of these lots was located a large tobacco factory; the
buildings being separated by an open space forty-eight
or fifty feet in width, which was used in connection
with both factories as an alley or passageway.

At the death of Mrs. Hancock, the children agreed
upon a division of the estate, and by deed of partition
(of November 26, 1894) the "new factory lot" was con-
veyed jointly to Lilly N. Thornhill and Ernest J.
Hancock, described as follows: "New brick factory
and lot adjoining last mentioned property fronting on
Cabell street 50 feet 6 inches (including one-half of
an alley 24 feet 6 inches wide) and running back to
Blackwater street. . . . " The lot conveyed to
Edwin A. Hancock (now owned by his heirs, the ap-
pellants) is described as, "Factory and lot adjoining
last mentioned lot on Cabell street, including one-
half of an alley 24 feet 6 inches between this and last
mentioned property, and running back to Blackwater
street. . . . "

Subsequently, Ernest J. Hancock (the joint tenant
of Lilly H. Thornhill, complainant below and appellee
here, conveyed his undivided moiety in the lot in trust
to secure debts, describing it as an "undivided one-
half interest in a certain factory and lot at the lower
end of Cabell street . . fronting on Cabell street
50 feet, and running back of even width to Blackwater
street. Also all right, title and interest of said party
of the first part in and to an alleyway 24½ feet wide

adjoining the above. . . '' His interest was sold under the deed of trust and purchased by appellee, who thus became the owner of the entire lot.

It is true that Ammon J. Hancock, the fee simple owner of the whole property, could not have had a separate easement (a lesser estate) in the vacant space between the buildings. *Scott* v. *Beutel,* 23 Gratt. (64 Va.) 1; *Turner* v. *S. & W. Imp. Co.,* 118 Va. 720, 88 S. E. 85. Nevertheless, during his life time the space was kept open and used as a passageway to give access from Cabell street to both factories, and that use continued to the date of the partition deed; and from that time hitherto the passageway, to the width of 24 feet 6 inches, has been jointly used by the respective owners in connection with the two properties. When the lots passed to Ammon G. Hancock's devisees and a division was agreed on among them, it became necessary to determine either to dedicate the vacant space, in whole or in part, to a joint alley, or else to abolish it altogether and divide the space between the subdivisions freed from the servitude of an alleyway. If the latter conclusion had been reached, obviously, it would only have been necessary to fix the dividing line, and no mention of an alley should, or probably would, have been made. But if the former was intended, a new right had to be created, and it was essential to set forth the reservation in apt language in the deed. Accordingly, a joint alley 24 feet 6 inches wide was agreed on; and, for the common benefit, each lot was made liable for one-half of the easement:

This, we think, is the true construction of the partition deed; and the contemporaneous interpretation placed upon it by the parties is in accordance with that view. To utilize all the land acquired by him under the

partition deed, Edwin A. Hancock erected an addition
to his factory upon the line of the alley as established
by the deed, leaving an open space of 24 feet 6 inches
between the properties. In like manner appellee
erected a platform on her side of the alley, coincident
therewith, for the use of her factory. Besides, for
twenty years, without question, the alley was main-
tained and used in common by the owners and their
tenants. Not until shortly before the institution of
this suit was the right of appellants to an easement of
way over appellee's half of the alley drawn in question,
and then not by Mrs. Thornhill, but by the attorney
of a prospective purchaser of her lot. From an adverse
decree the appellants applied for and obtained this
appeal.

There is no continuous passageway between the lots
from Cabell street to Blackwater street for the reason
that about midway between these streets there is a
sheer drop of seventeen feet, dividing the upper and
lower levels, which is supported by a transverse re-
taining wall. In the lifetime of Ammon G. Hancock a
small frame dwelling was erected on the protion of
the 50 foot passageway over the lot fronting on Black-
water street, on the side afterwards allotted to Edwin
A Hancock; and, after the execution of the partition
deed, a brick boiler house was built on the site of the
frame building and used in connection with the fac-
tory. This boiler house encroaches on the 24 feet 6
inches of land reserved as an alley in the deed of par-
tition, which fact is relied on to repel the contention
that the parties contemplated the establishment of a
joint alley.

The record is silent as to the circumstances sur-
rounding that transaction. Yet, in itself, it cannot be
deemed sufficient to nullify the plain language of the

partition deed, which, we think, shows that it was the intention of the parties to establish a joint alley over the entire property from Cabell street to Blackwater street.    If either party has obstructed the alley, upon application of the adjoining owner the trial court will cause such obstruction to be removed.

We are of opinion that the corporation court erred in decreeing that appelle, Lilly H. Thornhill, is entitled to hold the 12 feet and 3 inches of vacant space adjoining the building on her lot free from any right or claim on the part of appellants to an easement over the same as constituting one-half of a joint alley; but to the contrary the court should have decreed that according to the true construction of the partition deed, it establishes a joint alley 24 feet 6 inches wide between the adjoining properties, to which each is to contribute equally, extending from Cabell street to Blackwater street.

For the error aforesaid the decree must be reversed, and the case remanded for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*